# Commonwealth Building and Loan Association *v.* Steele, Appellant.

*Principal and surety—Building contract—Changes in contract.*

A surety in a building contract will not be discharged because of changes made in the contract between the owner and the contractor where the contract expressly provides that changes may be made; and this rule is peculiarly applicable where the changes are slight, and the surety is a subcontractor who had every opportunity of knowing what was being done under the contract.

Argued March 11, 1903. Appeal, No. 1, March T., 1903, by defendant, from judgment of C. P. Dauphin Co., March T., 1900, No. 352, on case stated in suit of Commonwealth Build-

20      BLDG. & L. ASSN. *v.* STEELE, Appellant.

Statement of Facts—Opinion of the Court. [23 Pa. Superior Ct.

ing and Loan Association v. C. H. Steele and Gebhard Laufle. Before BEAVER, ORLADY, SMITH, W. D. PORTER and MORRISON, JJ. Affirmed.

Assumpsit on a contract of suretyship. Before SIMONTON, P. J.

The case was tried by the court without a jury by agreement of the parties under the act of April 22, 1874. The court entered judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff on case stated.

*M. W. Jacobs* and *John E. Patterson,* for appellant.

*C. H. Bergner,* with him *D. L. Kaufman,* for appellee.

OPINION BY MORRISON, J., May 4, 1903 :

This is an action brought by the plaintiff on a bond in the sum of $1,000, upon which, the defendant, D. H. Steele, is principal, and the defendant, Gebhard Laufle, is surety, conditioned that, " if the said Steele, his heirs, executors and administrators, shall and do in all things well and truly observe, perform, fulfill and keep all and singular the covenants, grants, articles, clauses, provisions, conditions and agreements whatsoever, which on the part of the said C. H. Steele are or ought to be observed, performed, fulfilled and kept, comprised and mentioned in a certain article of agreement bearing even date herewith, and made or mentioned to be made between the said C. H. Steele and the Commonwealth Building & Loan Association, by its president, C. H. Kishpaugh, of the other part, according to the purport, true intent and meaning of the same, then this obligation to be void or else to be and remain in full force and virtue."

The article of agreement referred to in the condition of the bond is a building contract between the plaintiff and the defendant, Steele, wherein the latter agreed, in consideration of $6,793.25, to furnish all materials and labor, and erect six three-story brick houses for the plaintiff in accordance with certain plans and specifications referred to and in part recited in the article of agreement.

This contract and the bond sued upon both bear the same date, viz: October 20, 1899. The specifications referred to in the contract contain this provision: " The proprietors, or architects, or the architects with the concurrence of the proprietors, shall be at liberty to order any changes in the drawings and specifications, by adding thereto or deducting therefrom, and such changes shall not annul this agreement, but the amount of the changes shall be added to or deducted from the consideration of the contract by a fair and reasonable valuation, and the same certified in writing before the work is commenced." The defendant, Steele, was the successful bidder and entered into the contract, and Laufle, who by agreement with Steele was to do the plumbing in the buildings, became Steele's surety for the faithful performance of the contract in the sum of $1,000.

Defendant, Steele, entered upon the work of construction, and after continuing it for sometime defaulted and abandoned the work, and left the city. Plaintiff's president notified defendant, Laufle, the surety, and on consideration he declined to undertake the completion of the work, whereupon a building committee was selected from among the members of the plaintiff association, who completed the work at a cost of about $10,000, being more than $3,000 above the amount contracted for by defendant, Steele.

The facts as above stated are substantially as found by the learned judge, who tried the case without a jury. He further found that the testimony shows that the work of the building committee was carefully carried on, and that the amount expended by them was necessary to complete the buildings, and that there was, therefore, a loss to the plaintiff because of the default of the defendant, Steele, to an amount much greater than the amount of the bond for which defendant Laufle became surety.

The judge further found that sometime after the work was commenced by Steele, a supplementary agreement was made between him and the plaintiff by which there were some comparatively slight changes made in the plans and specifications. This agreement was committed to writing, and was made as of the same date as the original article of agreement because, as testified to by the plaintiff's president, these changes were

spoken of and partly understood to be agreed upon by him and the defendant, Steele, at the time the original article of agreement was entered into. The surety had no knowledge of the existence of this written agreement, but he did know the work was being done according to its terms. " The defense interposed to the claim of the plaintiff to recover on this bond is based on the theory that by the changes made in the original article of agreement and in the plans and specifications, which being referred to in it were practically part of it, without consulting with the surety, he was released. It is no doubt a well established principle that any material alteration made in a contract for the performance of which a surety is bound without the knowledge and consent of the surety will operate to discharge him. There is, however, an exception to this general rule, which as applied to building contracts is thus expressed in the syllabus to Blauvelt v. Kemon, 196 Pa. 128. ' A surety in a building contract will not be discharged because of changes made in the contract between the owner and the contractor where the contract expressly provides that changes may be made.' The plans and specifications made part of the article of agreement referred to and incorporated into the condition of the bond, expressly provide that changes in the drawings and specifications may be made by adding thereto or deducting therefrom, and that such changes shall not annul this agreement. This, we think, brings this case directly within the principle of Blauvelt v. Kemon, and is a complete answer to the contention that the defendant was discharged by the changes made in the plans and specifications and the subsidiary contract. We think, therefore, that the defense cannot prevail, and reach the following conclusions of law : The defendant, Gebhard Laufle, was not discharged from his liability as surety on the bond on which the action is brought in this case by the changes that were made by the plaintiff and the defendant, Steele, in the original article of agreement, and the plans and specifications, which by reference were made part thereof, and the damages proved being greater than the amount of the bond, the plaintiff is entitled to judgment." The above is quoted from the findings of fact and conclusions of law by the court below. A careful examination of the evidence and the authorities and the arguments of the counsel for the respective

parties, has not convinced us of any substantial error in either the findings of fact or the conclusions of law as above indicated. An examination of the testimony shows that the alterations were not very material. At most they only amounted to a few hundred dollars. It seems that Laufle, the surety, must have known of these changes because he was a subcontractor under Steele and had every opportunity of knowing what was being done under the contract. But whether he did know or not, he executed and delivered the bond conditioned that Steele would comply with his contract, and there can be no question about the right to make such changes and alterations as were made under the very terms of the contract, and the plans and specifications which were made a part of it. It is not pretended that Steele complied with his contract. Neither is it denied that the plaintiff lost about $3,000 by the default of Steele. In our opinion the defendant, Laufle, has no legal, equitable or just ground of complaint in this case. We think all of the material findings of fact were amply sustained by the evidence, and the conclusions of law based on such facts cannot be successfully questioned: Phila. to use v. George W. Stewart, 201 Pa. 526.

But the findings of fact and conclusions of law by the court below are so full and satisfactory, and so just in view of the testimony, that it is not profitable to discuss this case further.

The assignments of error are all overruled and the judgment affirmed.