## STAMETS ET AL. v. PLANO MANUFACTURING COMPANY.

[No. 6,094. Filed October 15, 1907. Rehearing denied December 11, 1907.]

1. APPEAL.—*Same Questions Twice Presented.—Demurrer.—Instructions.*—Where the same question is presented by assignments on the trial court's rulings on demurrer to the complaint and in giving certain instructions, a decision on the ruling on the instructions suffices for both assignments. p. 625.

2. CONTRACTS.—*Separate Instruments.—Suretyship and Guaranty.* —A contract by a principal for the performance of certain duties, and a separately executed bond to guarantee the faithful performance thereof, constitute two separate and distinct undertakings. p. 626.

3. TRIAL.—*Instructions.—Contracts,—Bonds.*—An instruction, in an action by a company against the sureties of its agent, that if the service of the agent was continuous under his various contracts of employment, the liability of such sureties would cover the entire period of service, is correct, where their contract of indemnity provided that it included the present, "and any and all subsequent terms for which" such agent "may be employed, whether under the present contract, or under any future contract." p. 626.

4. PLEADING.—*Answer.—How Construed.—Contracts.*—An answer counting on the same contract set out in the complaint is controlled by the construction placed upon such contract. p. 627.

5. SAME.—*Answer.—Contracts.—Purposes.*—An answer, in an action on a contract of indemnity, that the plaintiff's contract, executed with the principal, was intended to make the principal the plaintiff's local agent at a certain place, is bad, where such contract with the principal provides that he shall perform the duties in such territory as shall be assigned to him from time to time. p. 627.

6. SAME.—*Answer.—Argumentative Denial.—Sustaining Demurrer to.*—Sustaining a demurrer to a paragraph of answer alleging that the principal's contract sued upon was not executed until three months after the expiration of the original contract, is harmless, the general denial being pleaded, where the complaint alleged a continuous employment under separate contracts. p. 629.

7. CONTRACTS.—*Consideration.—Suretyship and Guaranty.*—A bond given to guarantee the faithful performance, by the principal, of certain duties, under the existing as well as any future contracts of service, is supported, as to such future contracts, by the consideration of the continued employment of such principal. p. 629.

From Gibson Circuit Court; *L. C. Embree,* Special Judge.

Action by the Plano Manufacturing Company against Elmer E. Stamets and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Thomas Duncan,* for appellants.

*John W. Brady,* for appellee.

RABB, J.—The appellee sued appellants in the court below upon a bond executed to the appellee by appellant Stamets, as principal, and his coäppellants as his sureties. The bond was executed on December 7, 1897, in the penalty of $2,000, and it recited that Stamets was engaged, or about to engage, in the service of appellee as collector of its securities, salesman of its goods, solicitor of agency contracts (creating local agencies for the sale of its goods), and also as adjuster and collector of its accounts from local agents, in which employment large sums of money and securities of appellee would come into the hands of said Stamets, and conditioned for the faithful performance of his duties under said employment by Stamets, and the prompt accounting to appellee by him for all moneys and securities of appellee's coming into his hands. The bond expressly stipulated that it should be a continuing obligation, and covering the full period or periods of employment of said Stamets by appellee, whether under the present contract of employment, or under future contracts of employment. It is averred in the complaint that, at the time the bond was so executed by the appellants, the appellant Stamets and appellee had entered into a written contract, which is set out in the complaint, by the terms of which said Stamets was to enter the service of the appellee and perform such services as appellee should direct, and in such territory as should be assigned him, for which appellee agreed to pay said Stamets a certain sum per month for time actually employed in its service, and it was expressly stipulated in this service contract that the appel-

lee should have the right to change the residence of said Stamets, which, in the contract, was designated as Oakland City, Gibson county, Indiana. This contract also stipulated that, before Stamets entered upon the performance of his contract of service, he should give bond to appellee in the penalty, and with sureties to its satisfaction. The bond in suit was given pursuant to the contract, and said Stamets thereupon entered into the employ of the appellee pursuant to the terms of said contract of employment and bond. He was continuously in the employ of the appellee until March 12, 1901, new contracts of employment being executed by the parties for each subsequent year's employment, in practically the same language as that of the first contract, except that the salary of Stamets was increased.

The complaint alleges that, while serving appellee under said employment, and in his capacity as collector and adjuster of its accounts with its local agents, said Stamets, from time to time received large sums of money, securities, and property of appellee, which, in violation of his duties as such employe, and of the conditions of said bond, he failed to account to appellee for, and converted to his own use. The complaint assigns thirty-five separate and distinct breaches of the bond sued on, five of the assigned breaches being for the unlawful conversion of different sums of money collected by Stamets, as agent for appellee, during his first year's employment, and aggregating $563, and thirty of said assigned breaches being for the conversion of moneys and securities belonging to appellee and coming into said Stamets's hands in the course of his employment as appellee's agent, subsequent to the expiration of the first year's employment. A paper, claimed by appellants to be a demurrer to the complaint and to each breach of the bond separately and severally, was filed by each of the appellants Harris, Haury, VanZandt and Klenck. This alleged demurrer reads as follows: "The defendant [naming him] demurs severally to the first, second, etc., breaches of plaintiff's complaint, on

the grounds that neither of said breaches states facts sufficient to constitute a cause of action." This alleged demurrer was overruled by the court below, and to the ruling of the court the defendants jointly except. Appellant Stamets filed a separate answer in four paragraphs. The other appellants joined in an answer of six paragraphs, the first of which was the general denial. The third is addressed to so much of plaintiff's complaint as seeks recovery for defalcations of Stamets subsequent to the expiration of the first year's employment, and alleges that Stamets was employed by the appellee for a term ending on December 1, 1898, and was out of appellee's empl y from that date until February 27, 1899, when he was reëmployed at an increased salary; that he was first employed by appellee on November 1, 1897, to act as its local agent at Oakland City, to sell machinery and overseeing two or three agents of appellee in the immediate vicinity; that the answering defendant then, and continuously thereafter, lived in said town, and that the appellee, on February 25, moved Stamets from Oakland City to Evansville, thirty miles away, assigned to him a different line of employment in a different field of labor, enlarged his duties and field of labor, and increased his compensation, without the knowledge of the answering defendants. The court sustained appellee's demurrer to this paragraph of answer. The cause was tried by a jury, and the court, over the objection and exception of the appellants, instructed the jury as follows: "(2) If you find from a preponderance of the evidence that the defendant Stamets was constantly in the employ of the plaintiff from December 1, 1897, to March 16, 1901, the mere fact that the compensation to be paid by the plaintiff to said Stamets for his services during any given period of that time was not fixed and reduced to writing at the beginning of such period, but was afterward agreed upon and reduced to writing before the expiration of such period, would not be a defense to this action, and would not prejudice the plaintiff's right to recover on the bond in

this action, if the evidence otherwise justifies such recovery, for any breach of the bond shown by the evidence to have been committed during the period of such employment.''

Instruction four, given by the court on its own motion, reads as follows: ''It is charged in the complaint that from the time of his entering upon the performance of his duties under the service contract dated November 1, 1897, until his alleged discharge from the plaintiff's service, the employment of defendant Stamets was continuous, and was under the several service contracts before mentioned, and that during such service the plaintiff entrusted to Stamets a large amount of its business, consisting of securities to be collected, goods to be sold, the creating of local agencies for the sale of its goods, the work of adjusting the accounts of divers of its local collectors and local sales agents, and the collection, and transmission to the plaintiff, of large sums of money due it in various localities where it had been or was then doing business. If you find from the evidence that these allegations are true, then, under the law, the defendants and each of them are liable in this action for each and every breach of the condition of the bond that has been charged in the complaint and proved to you by a preponderance of the evidence. The stipulation that the bond is a continuing obligation, and is to cover the full period or periods of employment of said Stamets by said corporation, including the present term and any and all subsequent terms for which he may be employed by said corporation, whether under the present contract or any future contracts, extends the operation of the bond beyond the term of the first service contract so as to cover the whole period of the continuous service of the defendant Stamets in the employ of the plaintiff, whether under the first service contract or contracts that have been given in evidence.'' The eleventh instruction, given by the court of its own motion, is as follows: ''In still another paragraph of their separate answer, the defendants Harris, Van Zandt, Haury, and Klenck

have alleged that, as to so much of the complaint as seeks to recover for breaches of the bond arising after December 1, 1898, the bond sued on, in so far as it secures breaches of duty by said Stamets, occurring after said day, was executed by them without consideration. If you find, however, that the plaintiff employed Stamets in the manner and form as alleged in the complaint, and retained him in its service continuously until March, 1901, as therein alleged, there was sufficient consideration for the execution of the bond in respect to all breaches thereof that occurred between December 1, 1898, and the day of the alleged discharge, in March, 1901.''

A verdict was returned in favor of appellee for the full penalty of the bond. Appellants' motion for a new trial was overruled, and judgment rendered upon the verdict. The errors relied on by appellants for a reversal are, the action of the court below in overruling appellants' alleged demurrer to the complaint, in sustaining the appellee's demurrer to the third paragraph of the answer of the appellants Harris, Haury, Klenck, and Van Zandt, and in overruling the several motions of appellants for a new trial. The demurrer to the complaint is very defective in form, and perhaps presents no question for review by this court; but, inasmuch as the questions that would arise on the demurrer, if in proper form, are, we think, properly presented on exceptions to the instructions given and refused, we deem it unnecessary to decide upon the sufficiency of the demurrer. It is the appellants' theory that the appellee's right to recover on the bond was limited to defalcations occurring during the first term of Stamets's employment by appellee. If this theory be correct they were entitled to proper instructions from the court so limiting the recovery, even though no demurrer had been filed to the complaint, or motion made to strike redundant matter from the complaint, and the action of the

court in both giving the instructions complained of, and refusing to give the instructions asked, would be reversible error, apparent upon the record in the absence of the evidence, because the case was presented to the jury upon an entirely different and antagonistic theory.

It is appellants' contention that the first contract of employment between Stamets and appellee and the bond sued on are each parts of one entire transaction, and are to be construed together as one contract, and the liability of the sureties on the bond limited to the defalcation of their principal under that contract alone. Numerous authorities are cited to support this contention. The contract of employment and bond sued on are not parts of one entire contract. They are each separate and distinct contracts. It is true the bond itself secured the faithful discharge of Stamets's duties under his first contract of employment, but this is clearly not its limit. It was entirely competent for the parties to this bond to contract for the indemnity of the appellee, not only under the first contract of employment of Stamets, but under future contracts of employment as well. This they might do in one instrument as well as in several distinct instruments, and this they did do in plain and unambiguous terms. The bond expressly declares:

"It is stipulated and agreed that this obligation is a continuous obligation, and is to cover the full period or periods of employment of said Stamets by said corporation, including the present, and any and all subsequent terms for which he may be employed by said corporation, whether under the present contract, or under any future contract."

Our language is not susceptible of making the meaning and intent of parties more clear than it is expressed in this obligation. While it is true that, in construing the terms of the bond, the contract, the performance of which it was intended to secure, must be looked to, it must first be deter-

mined what contract or contracts it was intended to secure, and that fact must be determined from the terms of the bond itself, and no uncertainty, or room for diminution by construction, is left by these terms in the bond under consideration, and the court's instructions to the jury, that, if they found that the service of Stamets was continuous under the various contracts of employment by the appellee, the liability of the sureties on the bond would cover the entire period, correctly stated the law as applied to the case, and there was no error in refusing the instructions asked for by the appellant. *Ulster County Sav. Inst.* v. *Young* (1899), 161 N. Y. 23, 55 N. E. 483; *Fourth Nat. Bank* v. *Spinney* (1890), 120 N. Y. 560, 24 N. E. 816; *Mutual Bldg., etc., Assn.* v. *Hammell* (1881), 43 N. J. L. 78; *People's Bldg., etc., Assn.* v. *Wroth* (1881), 43 N. J. L. 70; *Commonwealth Bldg., etc., Assn.* v. *Steele* (1903), 23 Pa. Super. Ct. 19; *Bateman Bros.* v. *Maple* (1904), 145 Cal. 241, 78 Pac. 734; *Union Dimes Sav. Inst.* v. *Neppert* (1889), 51 Hun 640, 3 N. Y. Supp. 797; *Union Dimes Sav. Inst.* v. *Feltz* (1889), 51 Hun 641, 4 N. Y. Supp. 607; *Durkin* v. *Exchange Bank of Va.* (1856), 2 Pat. & H. (Va.) 277.

The only other error relied upon for a reversal is the action of the court in sustaining appellee's demurrer to the third paragraph of the answer. This paragraph of 4. the answer must be construed in connection with the written contract of employment and bond sued on. It is addressed to the complaint based on these writings, and it does not purport to set up any different contract between the parties, and therefore, where the allegations of the answer are in conflict with the terms of the written contract, the writing must control. It is alleged in the pleading that it was the purpose of the first contract of employment entered into between the appellee and Stamets to make 5. Stamets the local agent of appellee at Oakland City for selling its machinery and to superintend several local agencies in that immediate vicinity, whereas the con-

tract of employment declares that Stamets is to serve said party of the first part, "performing such duties as said party of the first part may from time to time direct him to perform, in such territory as said party of the first part may from time to time assign him to work." Under this contract, which is to be read into the appellants' plea, the appellee clearly had the right to designate the work Stamets was to perform and the field of his operation, and it was not confined to the vicinity of Oakland City. The gravamen of the plea is that the work of Stamets was removed from Oakland City, the residence of the other appellants, and his duties enlarged after the expiration of the first year's service. The contract of employment expressly gave appellee the right to change the residence of Stamets. Under the terms of the contract they would undoubtedly have had the right to change Stamets's residence, and it cannot be consistently contended that such subsequent change of residence was beyond the purview of the contract between the parties. The bond declares that Stamets is about to engage in the service of said Plano Manufacturing Company, as the collector of its securities, salesman of its goods, solicitor of agency contracts, creating local agencies for the sale of goods, also to work in the capacity of an adjuster of accounts of local collectors, and local sales agents, in which capacity large sums of money and large amounts of securities belonging to said corporation will necessarily come into his hands and possession for transmission to said corporation, and the complaint alleges that it was for the embezzlement of the funds of the company coming into the hands of Stamets, as the company's servant in making collections from his local agents, that recovery is sought. This pleading addressed to this complaint, founded on these written contracts, we think, was clearly insufficient, and the demurrer thereto properly sustained. The authorities cited by appellants to sustain their contention are founded on an entirely different state of facts from those presented in this complaint and answer, and are not

in point. The appellee's position is well sustained by the authorities cited (*Bateman Bros.* v. *Maple, supra; Commonwealth Bldg., etc., Assn.* v. *Steele, supra*), as well as by the general principles of law.

The judgment of the court below is in all things affirmed.

## ON PETITION FOR REHEARING.

RABB, J.—The third paragraph of the separate answer of the defendants Harris, Van Zandt, Klenck and Haury set forth, among other things, that the second contract of employment of the principal in the bond, Stamets, by the appellee was not entered into until February 27, 1899, nearly three months after the termination of the first contract of employment between the parties, and that this was a material averment overlooked by the court in deciding the case. This fact was not overlooked by the court, but these allegations were, at most, but a denial of the facts averred in the complaint, that the employment of Stamets by appellee was continuous, and that the second year's employment began on December 1, 1898, at the termination of the first year's employment. One paragraph of the separate answer of these defendants was a general denial, and all facts that could be given in evidence on this subject were admissible under the general denial.

It is also earnestly insisted that the only consideration for the bond sued upon is the first service contract entered into between the appellee and the principal. The continued employment of Stamets by the appellee furnished a valuable consideration for the continuing liability of the sureties on the bond, and the express terms of the bond provided for such continuous liability, and clearly contemplated such continued employment.

Petition for rehearing overruled.