Koch *v.* Moyer and Burkhart, Appellants.

Argued April 21, 1931.

Before TREX-LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*J. J. Kintner* of *Stephens and Kintner,* for appellant, cited: Bensinger v. Wren, 100 Pa. 505; Nesbit v. Turner, 155 Pa. 439.

*William J. Blimmel,* and with him *Graham, Yost and Myers,* for appellee.

OPINION BY KELLER, J., July 8, 1931:

The appellant, Dr. Burkhart, became surety for Moyer on a bond given to Mrs. Koch to secure the performance of a contract for building a house. The bond contained a warrant of attorney authorizing the confession of judgment against the contractor and his surety. Averring a default in the performance of the contract, judgment was confessed by an attorney in favor of Mrs. Koch against Moyer and Burkhart, respectively, for $1,050.65, with interest from December 9, 1925. A petition to open the judgment was presented by the defendants in which they alleged full and complete performance of the contract, denied that they owed anything to the plaintiff because of it, and averred that the plaintiff was indebted to Moyer, the contractor, for extra work done for the plaintiff on her property in the sum of $100.

The court opened the judgment, and the defendants filed an "affidavit of defense" in which the general averments of the petition to open were repeated and the "extra work" done by Moyer upon said dwelling was itemized as follows:

"For changing stairway, attic floor and windows, *which were outside of the conditions of said contract,* the sum of ...... $100.00

The contract called for wooden steps in front of said house, but at the request of the plaintiff, the one defendant, Fred Moyer, furnished brick steps, and which amounted to the sum of ............. 31.00

The one defendant, Fred Moyer, furnished coal to the plaintiff for use in the furnace in said house amounting to the sum of .. 7.00

That the three items set forth for extra work done amounted to the sum of .... $138.00

and which said sum the two defendants above named

are entitled as a credit for judgment against the plaintiff, Katherine Koch."

A short time before the case was listed for trial a petition was filed by the plaintiff's attorneys averring that at the argument of the rule to open, defendants had admitted that they were liable under their bond aforesaid, if the dwelling had not been completed according to the contract and specifications, and asking that the following issues be submitted to the jury as determinative of the questions in dispute between the parties, viz.,

"1. What amount of money has Katherine Koch paid or agreed to pay on her contract for work and labor and materials necessary to complete the dwelling according to the contract and specifications, the specifications being defendants' Exhibit No. 2 in the testimony taken on the rule to show cause?

2. What additional amount of money will be required to complete the said dwelling according to the contract and specifications?"

To this counsel for the defendants filed a paper agreeing "to the submission to the jury of the issues therein set forth;" and pursuant thereto, the court awarded the issue as prayed for "to be decided by a jury without further pleadings."

The case was tried under the issue thus awarded as modified by defendants' averment of performance and claim for extra work in the "affidavit of defense" aforesaid, and the offers of proof and evidence admitted were confined to the issues thus fixed by the parties.

When both sides had rested in the production of evidence, counsel for defendants presented a point asking for binding instructions in favor of Dr. Burkhart on the ground that he had been relieved of all liability as surety on the bond because of changes—such as referred to in the "affidavit of defense,"—made in

the construction of the house at the request of the plaintiff. The question had not been raised previously, either in the petition to open, in the affidavit of defense, at the first trial, or in the course of the present trial, notwithstanding the fact that Dr. Burkhart knew of such changes or "extra work" when the petition to open and "affidavit of defense" were filed, as appears from their contents.

The court below refused the point and later refused appellant's motion for judgment non obstante veredicto. This appeal followed from the entry of judgment on the reduced verdict.

The rule is well established that an alteration of a contract by the principal parties, without the assent of the surety is fatal to its enforcement against the surety: Bensinger v. Wren, 100 Pa. 500, 505; any unauthorized variation in an agreement which a surety has signed that may prejudice him, or may substitute an agreement different from that which he entered into, discharges him: Lancaster v. Barrett, 1 Pa. Superior Ct. 9. But the rule has no application to a building contract which by its terms contemplates or expressly provides for changes: Blauvelt v. Kemon, 196 Pa. 128; Comth. B. & L. Assn. v. Steele, 23 Pa. Superior Ct. 19; nor will it apply to the doing of work under an additional and independent agreement, which does not expressly, or by fair implication, alter the terms of the preceding contract, or affect the rights and duties of the parties thereunder: Barclay v. Deckerhoof, 151 Pa. 374. Thus, in the last mentioned case it was said that an additional agreement, which called for the finishing of a back attic, at an expense of $35, was not such an alteration of the original building contract as to discharge the surety thereon, any more than a subsequent agreement to pay a stipulated sum to paint the building, which had not been included in the original contract, would be.

The building contract between Moyer and Mrs. Koch made specific reference to, and provision for, "extras not mentioned desired by the owner," and hence the doing of "extra work" in addition to that called for by the contract would not release the surety from the main contract. A reading of the evidence satisfies us that the stairway to the attic, the attic floor and the windows in the attic were "extra work," within the decision of Barclay v. Deckerhoof, supra, and not changes in the contract.

As to the front steps it is not clear that this work constituted any change from the original contract. The contract was loosely drawn and referred to a picture and floor plan from some book of building designs. But the picture showed a frame house with shingle roof and siding, and front porch with shingle base and columns, whereas the contract called for a house with brick casing over sheathing and studding. The written contract, of course, governed, and the contractor rightly interpreted this as applying to the front porch, for which brick was used instead of shingles (158-a); but he regarded the wing walls for the front steps which the plaintiff demanded as extras. Whether they were included in the contract, or were extras, or were a change or alteration from the contract is immaterial to this case, for the appellant himself testified (p. 245-a) that Mrs. Koch had spoken to him concerning them and other items, and he had gone to see Moyer about them and the latter had promised him that he would finish them; and hence they were not made without his knowledge or authority, but on the contrary he was instrumental in securing them.

Of course, the rule advanced by the appellant does not apply to changes from the contract made in the building by the contractor without the consent or approval of the owner. The very purpose of the bond is to protect the owner against such unauthorized

changes and departures from the contract. Some of the alleged changes fall within this category.

It is not clear from the evidence whether the other matters presented by the appellant were, in fact within the contract, or minor changes in it, or in the nature of extra work. They were inconsiderable in amount and did not constitute the substitution of a different agreement. But the details of the evidence were restricted by the court to the issues agreed upon as determinative of the dispute between them, and we think properly so. The framing of the issues involved was not a chance or unintentional admission made by counsel outside the scope of his authority, as in Nesbitt v. Turner, 155 Pa. 429, 440; it was in the nature of a pleading, which counsel made deliberately and with full authority, in the line of duty. The legal point raised at the conclusion of the evidence seems rather to have been an after consideration, not thought of or relied on at the opening of the judgment and not presented at the first trial nor referred to at the second, prior to the conclusion of the evidence.

The assignments of error are overruled and the judgment is affirmed.