Dewey *et al. v.* The State, *ex rel.* McCollum, *et al.*

No. 10,035.

DEWEY ET AL. *v.* THE STATE, EX REL. MCCOLLUM, ET AL.

HIGHWAY.—*Free Turnpike Roads.—Act of March 3d, 1877.—County Board.— Engineer.—Error in Contract.—Complaining Party.*—Under section 5095, R. S. 1881, after an order is made for the construction or improvement of a free turnpike or gravel road, or for any change in the same, it is the duty of the county board to appoint a competent engineer to superintend the work, who shall, with the approval of the county commissioners, make a contract for the performance of the work; but, under section 5102, R. S. 1881, no person is permitted to take advantage of any error committed by the county commissioners, or by the engineer or surveyor, or of any informality, error or defect appearing in the record of such proceedings, unless it is shown that the complaining party is injuriously affected thereby.

SAME.—*Pleading.—Demurrer.—Incapacity to Sue.—Defect of Parties.*—A demurrer to a complaint, assigning as cause that the plaintiff has not legal capacity to sue, has reference only to some legal disability of the plaintiff, such as infancy, idiocy or coverture; and where a defect of parties is the cause assigned, the demurrer must specifically point out and name those who should have been, but were not, made parties.

SAME.—*Duty of County Board.—Contract for Work.—Contractor's Bond.*— Under section 4246, R. S. 1881, it is the duty of the county board to let no contract for any county building or work until the contractor has first given a good and sufficient bond, payable to the State of Indiana, signed by at least two freehold sureties, guaranteeing the accomplishment of two purposes, namely: 1. The faithful performance and execution of the work; and, 2. The prompt payment by the contractor of all debts incurred by him in the prosecution of the work, including labor, materials furnished, and for boarding the laborers thereon. As to the second of these purposes, for any breach thereof by the contractor, the right of action is in the laborer, the material-man, or the person boarding the laborers, and can not be defeated by any act done, or omitted to be done, by the county board.

PRACTICE.—*Amending Complaint After Issue Joined.—Affidavit of Prejudice.— Discretion of Court.*—It is within the discretion of the trial court to allow the plaintiff to amend his complaint, after the cause is at issue and set for trial; and, unless the contrary is shown by affidavit or other proof, it will be presumed by the Supreme Court that the defendant was not prejudiced by the amendment.

From the Marion Circuit Court.

*O. T. Boaz, N. B. Taylor, F. Rand* and *E. Taylor,* for appellant.

*D. V. Burns* and *C. S. Denny,* for appellees.

Howk, J.—The first error complained of in this court by the appellants is the overruling of their demurrer to the complaint of the appellee's relator, Thomas J. McCollum. In his complaint the relator, complaining of Austin C. Dewey, James E. Twiname, J. Kearney Graham, Arthur Mueller and William Baird, the appellants, and Samuel Pfendler, Isaac Golden, George Thomeyer, Robert Means, Martin V. Springer, Susan Pauley, Margaret J. Rock, James J. McCollum, George Stephens, George W. Crossen and Henry Jenkins, who are named appellees in the assignment of errors, as defendants, alleged, in substance, that, on October 7th, 1879, the appellants Dewey, Twiname and Graham entered into a contract in writing with the board of commissioners of Marion county, of the tenor following, to wit:

"Articles of agreement made and entered into this 7th day of October, 1879, by and between the commissioners of Marion county, Indiana, of the first part, and Austin C. Dewey, James E. Twiname and J. Kearney Graham, all of Marion county, Indiana, of the second part, witnesseth: That, for and in consideration of the payments and covenants, hereinafter mentioned, to be made and performed by said commissioners, the said party of the second part hereby promise and agree to grade and gravel a road, known by the name of the *William A. Anderson et al.,* or *Acton,* free gravel road, in Franklin township, Marion county, Indiana, according to the directions of the engineer in charge of the work, the said work to be finished and ready for travel over the road on or before January 1st, 1880. No charge shall be made by the party of the second part for any hindrance or delay, or loss on account of bad weather, or from other causes, during the progress of the work, but [it] may entitle them to such extension of time allowed for the completion of the work so

delayed, and said time to be determined by the engineer. The said party of the second part shall not transfer this contract, or any part thereof, without the consent in writing of the commissioners.  In consideration of the fulfilment, by said party of the second part, of the foregoing provisions of this contract, the commissioners of Marion county hereby promise and agree that they will issue to said party of the second part, or cause the same to be issued, gravel road seven per cent. bonds of Marion county, said bonds to call for the payment of all work at the following prices, to wit: For gravelling fifteen cents per cubic yard; for gravel fifty cents per cubic yard; and for timber for culverts twenty-five dollars per one thousand feet, board measure. Partial payments may be asked for and received on estimates made by the engineer; such payments, however, shall be but ninety per centum of the full value of the work performed, and when it shall be paid for in full, *together with any sums reserved from previous estimates.* As witness our hands and seals."

(Signed by each of the county commissioners and each of the party of the second part.)

The relator further alleged that the board of commissioners demanded and required of the appellants Dewey, Twiname and Graham, as a pre-requisite to entering into the foregoing contract with them, that they should file a bond with approved security, conditioned, among other things, that they would pay all claims for materials furnished and labor performed in the construction of the road in such contract mentioned; that in pursuance of such requirement, and in consideration that such contract be let to them, Dewey, Twiname and Graham, they prepared, signed and filed, in conjunction with their co-appellants, Mueller and Baird, as their sureties, with the board of commissioners, their bond, of the tenor following, to wit:

" Know all men by these presents, that we, Austin C. Dewey, James E. Twiname and J. Kearney Graham, as principals, and Arthur Mueller and William Baird, as sureties, all of Marion county, State of Indiana, are firmly bound unto the

State of Indiana in the penal sum of three thousand dollars, for the payment of which well and truly to be made, we bind ourselves firmly by these presents, this 6th day of October, 1879.

"The condition of the above obligation is such that whereas the board of commissioners of Marion county, State of Indiana, are about to let a contract for the grading and gravelling of the *William A. Anderson et al.* free gravel road, in Franklin township, in said county; and whereas the above named Dewey, Twiname and Graham have filed a proposal for said work with the surveyor of the said Marion county:

"Now, therefore, if the said board of commissioners shall award the said Dewey, Twiname and Graham the contract for said work, and the said Dewey, Twiname and Graham shall promptly enter into contract with the said board of commissioners for said work, and shall well and faithfully perform the same in all respects according to plans and specifications adopted and on file with this bond, and according to the time, terms and conditions specified in said contract to be entered into, and shall promptly pay all debts incurred by them, in the prosecution of said work, including labor, materials furnished and boarding the laborers thereon, then this obligation shall be void, otherwise to remain in full force, virtue and effect."

(Signed and sealed by each of the obligors named in such bond.)

The relator further said, that after the execution of such bond and contract, the appellants Dewey, Twiname and Graham, as such contractors, employed defendant James J. McCollum to haul gravel and place the same on said road, agreeing to pay him for his work and labor what the same might be reasonably worth; and that, in pursuance of such employment, the said James J. McCollum hauled and placed on said road 1682 yards of gravel, which was reasonably worth ten cents per yard, etc. The complaint then states in detail that the appellants Dewey, Twiname and Graham, in the performance of their said contract, became indebted to each of

Dewey *et al. v.* The State, *ex rel.* McCollum, *et al.*

the defendants whose names appear as appellees in the assignment of errors, in certain named sums, either for work done or for materials furnished, by them respectively, for said contractors, in the construction of such free gravel road; and it was alleged, that before the bringing of this suit each of the defendants (named appellees) had assigned, for value, his or her account for such work or materials to the State's relator, and each of them was made a defendant to answer as to such assignment; that the relator and the defendants (named appellees) had notified the appellants Mueller and Baird, the sureties in such bond, that they accepted the provisions thereof in their favor, and demanded payment of the several sums of money theretofore mentioned; and that the said sums of money remained due and wholly unpaid. Wherefore, etc.

Appellants' counsel earnestly insist that the board of commissioners of Marion county were not authorized, by the statutes in force at the time, to enter into the contract with the appellants Dewey, Twiname and Graham, mentioned in the relator's complaint; and that such contract being *ultra vires* and void, the bond in suit by the relator, in this cause, is necessarily void. On the other hand, the relator's counsel contend that the county board had full power and authority, under the statutes then in force, to enter into the contract mentioned; but that, even if such contract were *ultra vires* and void, the appellants and each of them were estopped, by the recitals in the bond in suit, to call in question or deny the validity of such contract.

It is manifest, we think, that the contract set out in the relator's complaint was made, or intended to be made, by and between the board of commissioners of Marion county and the appellants Dewey, Twiname and Graham, under, pursuant to and in conformity with the provisions of "An act authorizing boards of county commissioners to construct gravel, macadamized, or paved roads, upon petition," etc., ap-

proved March 3d, 1877. In section 1 of this act (sec. 5091, R. S. 1881), it is provided as follows:

"The board of commissioners of any county in this State shall have power, as hereinafter provided, to lay out, construct, or improve, by straightening, grading, draining (in any direction required to reach the most convenient and sufficient outlet), paving, gravelling, or macadamizing any State or county road, or any part of such road, within the limits of their respective counties."

Under this statute, there can be no doubt, we think, of the jurisdiction of the county board over the subject-matter of the contract with the appellants Dewey, Twiname and Graham, for the grading and gravelling of the *William A. Anderson et al.,* or *Acton,* free gravel road, within the limits of Marion county. The county board was clothed by the statute with original jurisdiction, and required to exercise powers and duties, judicial in their nature, over and in relation to the construction of such free gravel road. *Million* v. *Board, etc.,* 89 Ind. 5. The proceedings of the county board, which led to the execution of the contract, set out in the complaint, are not before us; but it may well be assumed, the contrary not appearing, that these proceedings were regular and in conformity with the statute, and that the proposed work was properly and legally let to the appellants Dewey, Twiname and Graham, as the lowest and best bidders therefor.

In section 5 of the aforesaid act of March 3d, 1877, (section 5095, R. S. 1881) among others, are the following provisions: "After making such order for an improvement, or for any change of the same, the commissioners shall appoint a competent engineer to superintend the performance and completion of said work, who shall, with the approval of the county commissioners, make a contract for the performance of the work; and the contractor may at once enter upon the performance of said work, under the superintendence of the engineer appointed as aforesaid: *Provided,* That said improvement shall be let in sections of not less than one-half mile,

and to the lowest and best bidder who shall give such reasonable security for the proper performance of his contract within the time and manner described, as the county commissioners may deem expedient; *Provided, further,* That notice of such letting shall be given by publication in a newspaper in the county for two weeks next prior to such letting, and all bids shall be sealed when filed; but no bid shall be accepted which exceeds the estimated cost, and the engineer and commissioners shall have the right to reject any or all bids."

It is insisted that the contract, set out in the relator's complaint, was not executed in conformity with the foregoing provisions of the statute, and is therefore void. It will be observed, that when the order for an improvement is made, the statute provides that " the commissioners shall appoint a competent engineer to superintend the performance and completion of said work, who shall, with the approval of the county commissioners, make a contract for the performance of the work." If, by this provision of the statute, it was intended that the engineer appointed should, in his own name, make and execute the contract for the performance of the work, it is clear that the contract, copied in the complaint, does not conform to such intention. It can not be said, however, that this contract was not made " with the approval of the county commissioners;" for it was executed by the commissioners and each of them, and they would hardly have subscribed their names thereto, if it had not met with their full approval. It seems to us that the legality and validity of such a contract are much more dependent, under the statute, upon " the approval of the county commissioners," than upon the signature of the " competent engineer," appointed by them " to superintend the performance and completion of the work." Besides, in section 12 of the aforesaid act of March 3d, 1877 (sec. 5102, R. S. 1881), it is expressly provided, as follows:

" No person shall be permitted to take advantage of any error committed in any proceeding to lay out, construct, or improve any road under and by virtue of this act; nor of any

error committed by the county commissioners or by the county auditor, or by the engineer or surveyor or other person or persons in the proceedings to lay out, construct, or improve any such road; nor of any informality, error, or defect appearing in the record of such proceedings, unless the party complaining is affected thereby."

Under this curative provision of the statute, we are of the opinion that the contract, a copy of which was set out in the relator's complaint, was not vitiated, avoided, nor, in anywise, invalidated by any informality or error, either of the county commissioners or of the engineer or surveyor, in the execution of such contract. In construing this statutory provision, in *Million* v. *Board, etc., supra,* this court said : " Under this provision of the statute it is not enough for the complaining party to show that he is affected by the proceeding to lay out, construct or improve any road, but he must clearly show, we think, that he is injuriously affected, and in what respect, by the informality, error or defect, of which he complains, in any such proceeding, and that the same can not be corrected by the county board, before he can be permitted to take advantage thereof by an action in the circuit court."

In the case in hand, it would seem that the contract, whereof a copy is given in the relator's complaint, was informally or erroneously made by and in the name of the county commissioners, instead of having been made by and in the name of the engineer, appointed to superintend the work, " with the approval of the county commissioners." We are unable to see that this informality or error, if such it be, in the execution of such contract, injuriously affected in any respect, or to any extent, the appellants, or either of them. Under the statutory provision last quoted, therefore, it seems clear to us that the appellants can not, nor can either of them, be permitted to take advantage of the informality, error or defect, conceding it to be such, in the execution of the contract, whereof a copy is set out in the relator's complaint. For the reasons given we are bound to conclude, as we do, that the re-

lator's complaint, in so far as its sufficiency was dependent upon the legality or validity of the contract set out therein, stated facts sufficient to withstand the separate demurrers of the appellants Mueller and Baird thereto, for the alleged want of facts therein.

What we have said, in relation to the contract set out in the relator's complaint, practically disposes of all questions in regard to the legality and validity of the bond of the appellants, a copy of which was given in the relator's complaint. From the stipulations in this bond it is manifest that it was required by the county commissioners, and was executed by the appellants, in intended conformity to and compliance with the provisions of section 4246, R. S. 1881, in force since July 2d, 1877. In this section it is provided, in substance, that no bid for any county building or work " shall be received or entertained by the board of commissioners of any county in this State, unless such bid shall be accompanied by a good and sufficient bond, payable to the State of Indiana, signed by at least two resident freehold sureties ; which bond shall guarantee the faithful performance and execution of the work so bid for, in case the same is awarded to said bidder, and that the contractor, so receiving said contract, shall promptly pay all debts incurred by him in the prosecution of such work, including labor, materials furnished, and for boarding the laborers thereon." Having reached the conclusion that the contract, of which a copy is given in the relator's complaint, can not be objected to by the appellants, or either of them, on the ground of the informality, error or defect in its execution, it must be held also, we think, that the bond in suit was authorized by the statute, and that, as against each and all of the appellants, it was a legal, valid and binding obligation, under the provisions of section 4247, R. S. 1881, in favor of any laborer, material-man, or person furnishing board to the contractors, under such contract, or of his, her or their assignee.

The demurrers of the appellants Mueller and Baird to the relator's complaint, upon the ground that it did not state facts

sufficient to constitute a cause of action, in our opinion, were correctly overruled.

Appellants Mueller and Baird also assigned as causes for demurrer to the complaint, that the appellee's relator had no legal capacity to sue, and, again, that there was "a defect of parties, plaintiff or defendant." It is settled by the decisions of this court, that the second statutory cause of demurrer, namely, "that the plaintiff has not legal capacity to sue," has reference only to some legal disability of the plaintiff, such as infancy, idiocy or coverture, and not to the fact, if it be the fact, that the complaint fails to show, upon its face, a right of action in the plaintiff. *Debolt* v. *Carter*, 31 Ind. 355; *Dale* v. *Thomas*, 67 Ind. 570. In this case, the complaint does not show that the relator was under any legal disability, and, therefore, the demurrers, assigning for cause, that the plaintiff had not legal capacity to sue, were properly overruled.

A demurrer to a complaint, upon the ground of a defect of parties, "must specifically point out and name those who should have been, but were not, made parties." Busk. Prac. p. 168. *Durham* v. *Bischof*, 47 Ind. 211; *Cox* v. *Bird*, 65 Ind. 277; *Newcome* v. *Wiggins*, 78 Ind. 306, 315. The demurrers, in the case at bar, upon the ground of a defect of parties, neither point out nor name the persons "who should have been, but were not, made parties." The question of the defect of parties, plaintiff or defendant, therefore, was not presented below, nor is it presented here for decision.

The court committed no error, we think, in overruling the demurrers to the relator's complaint.

The appellants Dewey, Twiname and Graham, jointly answered by a general denial of the complaint. Appellant Baird seems to have separately answered the complaint, but his answer is not in the record. The defendants below, who are named as appellees in the assignment of errors, jointly answered, admitting the allegations of the complaint to be true. Appellant Mueller separately answered in three paragraphs, of which the first was a general denial and each of

the other two paragraphs stated special matter by way of defence. The relator's demurrers, for the want of facts, were sustained by the court to the affirmative paragraphs of Mueller's answer, and these rulings are assigned here, as errors, by the appellants.

In the second paragraph of his answer, the appellant Mueller said it was true, that the commissioners of Marion county entered into a contract with Dewey, Twiname and Graham for the construction of a gravel road, as set out in the complaint, and that he, Mueller, executed the bond copied in the complaint; but he averred that the county commissioners did not observe the conditions of such contract, in this, that such contract provided, among other things, that "partial payments may be asked for and received on estimates made by the engineer, such payments, however, shall be but ninety per centum of the full value of the work performed;" that the board of commissioners, wholly unmindful of their obligation to the appellant Mueller, paid the contractors Dewey, Twiname and Graham, on October, 20th, 1880, the work not having been then fully completed, the sum of $325, which sum was not paid upon any estimate of work done or materials furnished, made by any engineer in charge of the work, but was in fact a part of the ten per centum theretofore deducted and retained by the commissioners from work done, and estimates of work done and performed by the engineer in charge of the work; that appellant Mueller relied upon the promises of the board of commissioners, that it would observe such parts of the contract as were incumbent upon it to observe, and particularly upon its promise to retain the ten per cent. as aforesaid, as his security against any loss to him, by reason of his suretyship on the bond in suit; that the failure of the board of commissioners to observe such clause in the contract greatly increased his, Mueller's, risk of loss; and that he, Mueller, never consented that his liability might be so increased, and his security lessened by reason of such failure on the part of the commissioners to observe the

conditions of such bond; wherefore the appellant Mueller said that he was, and ought to be, released from his obligation upon the bond in suit and to appellee's relator.

In the third paragraph of his answer the appellant Mueller, admitting the contract by and between the county board and Dewey, Twiname and Graham, and his execution of the bond in suit, as set out in the complaint, alleged, in substance, that at the time he executed such bond, he was informed by the contractors, when they offered to contract for the road at the prices stipulated, that gravel could be procured from the adjacent territory at a cost which would amply compensate the contractors, and that it was not necessary to haul gravel any great distance, to wit, not to exceed one mile, and that such information was true; but the appellant Mueller averred that, after the work had progressed, it was found that gravel could not be easily procured without condemning a certain pit belonging to one Golden, who refused to allow the contractors to use his gravel; that Golden was a friend of, and exercised great influence over, one of the county commissioners; that Golden and such commissioner procured the county board to enter into an agreement, by which the contractors were to leave undisturbed the gravel belonging to Golden, and were to haul gravel from the pit of one Means, in Shelby county, at an increased expense of thirty-one cents per load, which increased expense the county board agreed to pay, and that an order to that effect was passed by the county board, in regular session; that, according to this arrangement, the contractors procured of Means 481 loads of gravel, and incurred therefor the extra expense of thirty-one cents per load; and appellant Mueller averred that this whole arrangement and modification of the contract were made without his knowledge and consent, and that such modification of the contract largely increased his liability upon such bond. Wherefore appellant Mueller said that he was, and ought to be, released from his obligation upon the bond in suit, etc.

We are of the opinion that the court committed no error

in sustaining the relator's demurrers to these paragraphs of Mueller's answer, for neither of these paragraphs, as we think, stated facts sufficient to constitute any defence to the relator's cause of action as set forth in his complaint. The bond in suit, as we have seen, is purely a statutory bond. The statute required the bond to be executed, and it was executed, to secure the accomplishment of two purposes, namely : 1. The faithful performance and execution of the work by the contractors; and, 2. The prompt payment by the contractors of all debts incurred by them in the prosecution of the work, "including labor, materials furnished, and for boarding the laborers thereon." Section 4246. With the accomplishment of the second of the purposes, after the taking of such bond, the board of commissioners had nothing whatever to do. If the contractors failed to promptly pay any such debts, incurred by them in the prosecution of the work, the right of action therefor against them and their bondsmen, under the statute, was in the laborer, the material-man, or the person furnishing board to such contractors. Section 4247. This right of action can not be defeated, we think, by any act done, or omitted to be done, by the board of commissioners of the county. It follows, therefore, that the second and third paragraphs of Mueller's answer were each insufficient to constitute a bar to the relator's cause of action, and that the demurrers thereto were correctly sustained.

It is earnestly insisted by the appellant's counsel that the trial court erred in permitting the relator, after the cause was put at issue, to amend his complaint. As originally filed the complaint was in the name of Thomas J. McCollum, plaintiff, and as amended it was in the name of "The State of Indiana, on the relation of Thomas J. McCollum," plaintiff. This was the only amendment, and it appears to have been made sixteen days before the cause was called for trial. Under section 391, R. S. 1881, it was within the discretion of the trial court to allow such an amendment to be made ; and the appellants failed to show that they, or either of them, were

prejudiced by the amendment. *Durham* v. *Fechheimer*, 67 Ind. 35; *Child* v. *Swain*, 69 Ind. 230; *Town of Martinsville* v. *Shirley*, 84 Ind. 546.

Most of the causes for a new trial, assigned in the appellant's motion therefor, were founded upon the supposed error of the court in allowing the relator to amend his complaint as aforesaid; and, as we have reached the conclusion that the court did not err in allowing such amendment, it is manifest that these causes for a new trial had no sufficient foundation. The finding of the court was sustained by sufficient evidence and in accordance with law, and the court did not err, we think, in overruling the motion for a new trial.

We find no error in the record of this cause which authorizes or requires us to reverse the judgment below.

The judgment is affirmed, with costs.

