Filed April 24, 1894.

---

No. 1,321.

JEFFRIES v. MYERS ET AL.

MECHANIC'S LIEN.—*Public Schoolhouse.— Not Subject to.— School Township.*—A mechanic's lien can not be acquired or enforced either for work done or materials furnished in the erection of a public schoolhouse, school corporations not being subject to the personal liability provided for in section 7262, R. S. 1894.

From the Delaware Circuit Court.

*W. S. Diven* and *E. B. McMahan*, for appellant.

*J. W. Lovett* and *S. M. Keltner*, for appellees.

DAVIS, C. J.—In the view we take of the case, the only question necessary for this court to consider is whether the trial court erred in its conclusions of law on the special finding of facts.

The finding discloses that said Myers entered into a contract, in December, 1889, with the school city of

Anderson, to build a schoolhouse in said city; that said Myers entered into a contract with appellant to perform the labor of laying the brick in said school building; that appellant performed said work, for which there remained due him, on October 1, 1890, $1,410.33, which is unpaid; that on said day said school city was indebted to said Myers on said contract in the sum of $8,584, of which it yet owes $2,925.80; that on October 1, 1890, appellant gave notice to the school city of Anderson, in writing, particularly setting forth his claim for labor and material in the erection of said building, and showing the amount unpaid, to wit, $1,410.33, and that he would look to said school city of Anderson for the payment of the same, to the amount of money then in the hands of said school city due said Myers on his said contract, or which might thereafter become due said Myers on his said contract.

As a conclusion of law, the court found that appellant was not entitled to recover anything against either said Myers or said school city.

Appellee Myers has not filed any brief in this court, and we are not advised on what ground the decision in his favor was based. The finding clearly shows that he is indebted to appellant for work performed in the erection of said building, in the sum of $1,410.33, and no reason has been suggested why judgment should not be rendered against him for that amount.

It is sought to maintain the action against the school city of Anderson under section 1696, Elliott's Supp.; section 7262, R. S. 1894. This section is a reënactment of section 5295, R. S. 1881. See section 649, Davis' R. S. 1876, volume 2.

In *Secrist* v. *Board, etc.*, 100 Ind. 59, the Supreme Court said: "We think it was the intention of the Legislature in these sections to create a personal liability

in favor of those only to whom a lien was given, and that as there can be no lien upon a county building for materials furnished, so, also, there can be no personal liability established against a county in favor of a party who has furnished materials to a contractor for a public building of the county."

In *Fatout* v. *Board, etc.*, 102 Ind. 223 (231), it was held that a mechanic's lien can not be acquired or enforced either for work done or materials furnished in the erection of a public schoolhouse.

The action in *Barker* v. *Buell*, 35 Ind. 297, was to enforce a lien. It was held that in order to acquire the lien provided for in the other sections, it was not necessary to give any notice pursuant to section 649. There was no question of personal liability of the owner of the property involved in that case.

In *O'Halloran* v. *Leachey*, 39 Ind. 150, it was decided that the laborer or material man might, when he had complied with the provisions of the different sections, pursue both remedies; that he was entitled to pursue the personal remedy against the owner under section 649, although he had taken the steps necessary to create a lien on the premises.

The question here presented was not considered in *Irwin* v. *City of Crawfordsville*, 58 Ind. 492.

In *School Town of Princeton* v. *Gebhart*, 61 Ind. 187, the second paragraph of the complaint presented the question here involved, but the question does not seem to have been raised or discussed by counsel, or considered or determined by the court. See, also, *Colter* v. *Frese*, 45 Ind. 96.

Anything in the cases cited by counsel for appellant which may tend to support their contention that school corporations are subject to the personal liability provided

for in section 1696, *supra*, is not in harmony with the principles which underlie the later decisions.

On the authority of *Secrist* v. *Board, etc., supra*, and *Fatout* v. *Board, etc., supra*, the school city of Anderson is not liable in this action to appellant.

The judgment, as to the school city of Anderson, is affirmed, and the judgment, as to Edward F. Myers, is reversed, with instructions to restate the conclusions of law in favor of appellant against him for $1,410.33, with interest and costs, and to render judgment thereon accordingly.

Lotz, J., absent.

Filed April 25 1894.