## UNITED STATES FIDELITY & GUARANTY COMPANY v. AMERICAN BLOWER COMPANY.

[No. 6,445. Filed April 30, 1908.]

1. PLEADING.—*Answer.*—*Principal and Surety.*—*Release.*—*Change of Contract.*—In an action, against a contractor's surety, by a company furnishing materials for use in the heating plant to be installed, an answer that such contractor and the owner, subsequently to the giving of the bond sued upon, agreed that such plant should be connected with another building, for which such contractor should receive extra compensation, is not sufficient, there being no change in the original contract. p. 623.

2. SAME.—*Answer.*—*Principal and Surety.*—*Contracts.*—*Breach.*—*Release.*—In an action, by one furnishing materials, against the surety of a contractor whose contract provided that the owner should retain a certain per cent of the contract price until all claims were paid, an answer by such surety that such owner failed to retain such per cent is insufficient, as against the one so furnishing materials, to show a release because of a breach of contract. pp. 624, 625.

3. CONTRACTS. — *Building.—Sureties.—Materials.—Liability for.*— Where a surety bond provides that the contract shall be duly performed and that the materials furnished shall be paid for, an action by one furnishing materials is independent of any right of the owner, and the breach of the contract by such owner does not affect such right. p. 624.

4. MECHANICS' LIENS.—*Schoolhouses.*—A mechanic's lien cannot be taken on a schoolhouse for the repair thereof. p. 625.

5. PRINCIPAL AND SURETY.—*Contracts.—Breach.—Release.—Third Persons.*—Where a bond is executed for the protection of third persons furnishing materials for a building, the owner's or contractor's breach of the contract cannot affect such person's rights. p. 626.

6. SAME.—*Contracts.—Payment of Attorneys' Fees.*—A provision that the surety shall pay the attorneys' fees in case a recovery is had upon such surety's undertaking, is valid and enforceable. p. 626.

7. INTEREST.—*Past Due Claims.—Building. Contracts.—Suretyship.* —A surety is liable for interest upon a delayed claim for the payment of materials furnished to the principal. p. 627.

From St. Joseph Circuit Court; *Francis E. Lambert,* Special Judge.

Action by the American Blower Company against the United States Fidelity & Guaranty Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Charles Martindale, C. P. DuComb* and *Anderson, Parker & Crabill,* for appellant.

*Romig & Miller,* for appellee.

WATSON, J.—Appellee, plaintiff below, alleged, in substance, in its complaint, that on June 20, 1903, the Decatur Pulmbing and Heating Company entered into a written contract with the school city of South Bend, Indiana, to erect a steam heating and ventilating plant in the grammar school building then being constructed, and to furnish all material and things requisite to execute said work, said school city agreeing to pay therefor the sum of $8,669; that on the same date said heating company and the appellant herein executed a joint and several bond, made part of the complaint by exhibit, binding themselves in the sum of $4,300

622     APPELLATE COURT OF INDIANA,

U. S. Fidelity, etc., Co. v. American Blower Co.—41 Ind. App. 620.

that said heating company "would, among other things, pay for all material employed, used or furnished in said work, in carrying out said contract, in erecting, constructing and installing said heating and ventilating plant and apparatus, and all attorney's fees;" that by a written contract, executed on or about December 22, 1904, appellee agreed to furnish said heating company "f. o. b. cars at South Bend, Indiana, certain housed steel plate fans and furnishings, and certain sections," said heating company to pay therefor $1,036; that appellee performed all conditions of said contract by it to be performed, and furnished said fans, furnishings and heater sections; that said heating company has failed and refuses to pay appellee said $1,036; that said fans, furnishings and heater sections were used by said heating company in the construction of said heating and ventilating plant in said grammar school building; that a reasonable attorneys' fee was $200. There was a prayer for judgment in the sum of $1,036, with interest and attorneys' fee.

Appellant answered in three paragraphs, substantially as follows: (1) General denial. (2) Admitting the bond and contract alleged in the complaint, but setting up as a defense that subsequently thereto, "in consideration of the separate promise of the school city to pay it an additional sum of $1,300, the plumbing and heating company agreed to extend the work to be done by it, as specified in said original contract, so as to connect the old school building situate across the alley and immediately south of said grammar school building with said heating and ventilating system; that said alteration and change of said contract was made without this defendant's knowledge or consent, and the same greatly increased the burdens of said plumbing and heating company, and was not and is not a change in the work provided for and contemplated in and by the provisions of said original contract." And furthermore, that

NOVEMBER TERM, 1907. 623

U. S. Fidelity, etc., Co. *v.* American Blower Co.—41 Ind. App. 620.

said school city, by said contract, was bound to retain possession and control of twenty per cent of the contract price until the completion and acceptance of said work, and then pay the same over to said heating company, provided the terms of said contract had been performed, but that the amount retained was less than $300, which was a material alteration of the contract. (3) Relying upon the failure of said school city to retain twenty per cent of the contract price until the completion of the work.

The errors assigned and considered in the briefs are: (1) Sustaining the demurrer to each of the second and third paragraphs of the answer; (2) overruling the motion for a new trial.

Appellant contends that the facts set out in the second paragraph of the answer show such an alteration of the contract, for the due performance of which it became

1. surety, that it is thereby released from its liability.

The averments are that for an additional sum of $1,300 said heating company agreed to connect this heating plant with a certain other building across the alley from said grammar school building. There are no allegations whatever to show that such extension would in any way interfere with, delay or in any manner alter or change the performance of the contract for which appellant became surety. In fact the natural deductions to be drawn from the averments of this paragraph are that this second contract is entirely separate from and independent of the agreement for which appellant became liable. The cases cited by appellant establish the rule that, in order to release the surety, there must be a change or alteration in the subject-matter of the contract. But this rule does not extend to independent contracts entered into between the same parties pertaining to additional subject-matter. *Barclay* v. *Deckerhoof* (1892), 151 Pa. St. 374, 24 Atl. 1067; *Fitzpatrick* v. *McAndrews & Collins* (1888), 12 Pa. Co. Ct. 353.

624    APPELLATE COURT OF INDIANA,

U. S. Fidelity, etc., Co. *v.* American Blower Co.—41 Ind. App. 620.

Appellant further insists that it was released from liability on its bond by reason of the fact that said school city violated its contract by failing to retain in its possession and control twenty per cent of the agreed price until the completion of the work.

2.

The bond executed by appellant was as follows:

"Now, if said principal will keep and perform said contract, and erect, construct and install said heating and ventilating plant and apparatus in and to said school building, according to the terms of said contract, and the plans and specifications made a part thereof, and fit for use and occupancy and for the purpose for which said plant and apparatus is intended, and will pay all subcontractors thereon and all labor and material employed, used or furnished in said work, in carrying out said contract and in erecting, constructing and installing said heating and ventilating plant and apparatus, whether the same is used or employed by or furnished to said principal or any of his subcontractors thereon, and pay for all licenses or permits for patented articles, appliances or processes used or employed thereon, then this obligation is to be null and void, else in full force and effect. All payments herein contracted to be made are to be made without relief from valuation or appraisement laws and with all attorney's fees."

It will be observed that this bond provided not only for the due performance of the contract, but it also expressly secured the payment of materialmen. In the case of *School District, ex rel.,* v. *Livers* (1899), 147 Mo. 580, 49 S. W. 507, the court, speaking of a bond similar to the one in this case, said: "The bond is dual in its nature, being for the benefit and protection of the school district against loss or damage for the nonfulfillment of their contract by the contractors, and the payment by them of laborers for work done, and of materialmen for material furnished, rights which when once fixed could not be de-

3.

· NOVEMBER TERM, 1907. 625

U. S. Fidelity, etc., Co. *v.* American Blower Co.—41 Ind. App. 620.

stroyed or taken away by any act of the school district.''
Where such a bond has been required by statute the courts
have recognized and given effect to its dual nature, and the
right of a materialman to recover against the surety on a
building contract is separate and independent of any right
of action vesting in the obligee of such contract. Therefore
alterations in the contract which of themselves might release
the surety as to the obligee will not affect the right of the
materialman to proceed upon the bond. Statutes requiring
such bonds are for the purpose of providing security for la-
borers and materialmen, and to give them protection upon
which they may rely. *Dewey* v. *State, ex rel.* (1883), 91
Ind. 173, 185; *Conn* v. *State, ex rel.* (1891), 125 Ind. 514;
*United States, ex rel.*, v. *National Surety Co.* (1899), 92
Fed. 549, 34 C. C. A. 526; *United States, etc., Guaranty Co.*
v. *Omaha Bldg., etc., Co.* (1902), 116 Fed. 145, 53· C. C. A.
465.

There is every reason for applying the same rule in the
present case. The bond was not required by a statute, but
it expressly provided for security to materialmen.

4. The contract was for the installing of a heating plant
in a public school building upon which there could
be no right to a mechanic's or materialman's lien. *Jeffries*
v. *Myers* (1894), 9 Ind. App. 563; *Townsend* v. *Cleveland
Fire Proofing Co.* (1897), 18 Ind. App. 568; *Fatout* v.
*Board, etc.* (1885), 102 Ind. 223.

Furthermore, the authorities hold that failure on the part
of the obligee to retain the stipulated per cent of the con-
tract price is not an alteration which will release the

2. surety on a building contract from his liability there-
on to materialmen. *Doll* v. *Crume* (1894), 41 Neb.
655, 59 N. W. 806; *School District, ex rel.*, v. *Livers, supra;
City of Duluth* v. *Heney* (1890), 43 Minn. 155, 45 N. W. 7;
*Kaufmann* v. *Cooper* (1896), 46 Neb. 644, 65 N. W. 796;
Pingrey, Suretyship, §112.

Vol. 41—40

The cases cited by appellant support the proposition that overpayment by the obligee of a building contract, contrary to the terms of the contract, will release the surety from his liability to such obligee; but that proposition is not material to the facts in this case, for here the question is as to the liability of the surety to a material-man. The averments in the second and third paragraphs of appellant's answer were not sufficient to withstand the demurrer thereto.

By the terms of the bond appellant covenanted to pay attorney's fees. There is no reason advanced why appellant should not abide by that agreement, and nothing to show its release therefrom. Appellee was entitled to a reasonable attorney's fee. *American Surety Co.* v. *Lauber* (1899), 22 Ind. App. 326. In the case of *Brainard* v. *Jones* (1858), 18 N. Y. 35, the court said: "It may be a reasonable doctrine, that a surety who has bound himself under a fixed penalty for the payment of money or some other act to be done by a third person, has marked the utmost limit of his own liability. But when the time has come for him to discharge that liability, and he neglects or refuses to do so, it is equally reasonable, and altogether just, that he should compensate the creditor for the delay which he has interposed. The legal measure of this compensation is, interest on the sum which he ought to have paid from the time when the payment was due from him." This rule is well supported by the authorities. *Frink* v. *Southern Express Co.* (1888), 82 Ga. 33, 8 S. E. 862, 3 L. R. A. 482; *Wyman* v. *Robinson* (1882), 73 Me. 384, 40 Am. Rep. 360; *Clark* v. *Wilkinson* (1884), 59 Wis. 543, 18 N. W. 481; *Griffith* v. *Rundle* (1900), 55 L. R. A. 381, 384, note; 1 Brandt, Suretyship (3d ed.), §126; Pingrey, Suretyship, §74.

The present case is well within the rule, since there is no question of exceeding the amount for which the surety was

bound.    Therefore there was no error in allowing
7.    interest upon the amount found to be due appellee.

For the reasons given herein no error was committed
by the trial court.

Judgment affirmed.

Hadley, P. J., Comstock, Rabb and Myers, JJ., concur.
Roby, C. J., absent.