## WILSON v. VANDER MOLEN et al.

No. 8545—Opinion Filed April 2, 1918.

(171 Pac. 1104.)

**Mechanics' Liens—Contractor's Bond—Assignment of Lien—Liability of Surety.**

Where a contractor makes bond conditioned for the faithful performance of his builder's contract and to hold obligee free and harmless from all labor and materialmen's liens occasioned upon the order of said obligor or his agents, as well as all costs, including attorney's fee, enforcing payment and collection of any claim incurred thereon, and providing that the bond is made for the use and benefit of all persons who may become entitled to liens under said contract according to the provisions of law covering the same, and may be sued upon by them as if made directly to them, held, that, where liens are filed and assigned, and suit is brought upon said bond to enforce their payment, the said obligor and his sureties are liable for a reasonable attorney's fee in enforcing the payment and collection of same.

(Syllabus by West, C.)

Error from District Court, Pawnee County; W. M. Bowles, Judge.

Action by John W. Wilson against J. L. Vander Molen and others. Judgment for defendants, and plaintiff brings error. Reversed.

Edwin R. McNeill, for plaintiff in error.

Horace Speed, for defendants in error.

Opinion by WEST, C. This is an appeal from the judgment of the district court of Pawnee county wherein John W. Wilson was plaintiff and J. L. Vander Molen, G. W. Sutton, and Samuel Byrne were defendants, and the parties will be referred to as they appeared below.

It appears that E. C. Mullendore employed Vander Molen to build a certain two-story brick house, and that the latter had executed a bond in the sum of $5,000 for the faithful performance of his builder's contract, and also to hold the said Mullendore harmless against all liens for labor and material furnished. Upon the completion of said building it appears that a number of laborers and materialmen had filed liens against said building as provided by statute,

and that they had assigned their lien claims to the plaintiff, John W. Wilson, who brought suit upon the contractor's bond to compel the payment of these claims. In the court below, on motion of defendants, Mullendore was made a party defendant, and the evidence tends to show that he had not settled in full with the contractor, and that upon the trial of the cause below he stated that he was due $1,423.29, and paid that sum into court to be applied on plaintiff's claim, and the other defendant then consented that judgment should be rendered against them for $1,694.42, the balance of amount sued for. At the time of the payment of the money into court by Mullendore and the rendition of said judgment against defendants the question of attorney's fee as provided in said bond was reserved by the court for further consideration, and at a later date, upon a trial of this issue, the court held that plaintiff was not entitled to an attorney's fee, and from the finding of the court plaintiff has perfected his appeal, and comes up on the question of attorney's fee alone; and this question involves the construction of two paragraphs of said bond, which are as follows:

"Now, if the said J. L. Vander Molen, principal obligor, shall well and truly perform such contract, and complete said building according to said contract and the plans and specifications of the architect and his drawings of same, together with any alterations, changes, additions made thereto or extra work ordered same to be under the orders of superintendent W. N. Meredity and shall pay and discharge all indebtedness incurred under said contract, and shall hold said obligee free and harmless from all claims, demands, and liens arising therefrom on the part of laborers or subcontractors and the furnishers of material, in the employ of or from the order of said obligor or his agents, as well as all costs, including attorney's fees in enforcing the payment and collection of any claim incurred thereon, and shall perform said contract within the time therein specified, then this obligation to be null and void; otherwise to be and remain in full force and effect.

"This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract according to the provisions of law governing same, and may be sued upon by them as if made directly to them."

Section 3872, Rev. Laws 1910, is as follows:

"Assignment of Liens.—All claims for liens and rights of action to recover therefor * * * shall be assignable so as to vest in the assignee all rights and remedies herein given, subject to all defenses thereto that might be made if such assignment had not been made. Where a statement has been filed and recorded as herein provided, such assignment may be made by an entry, on the same page of the mechanics' lien docket containing the record of the lien, signed by the claimant, or his lawful representative, and attested by the clerk; or such assignment may be made by a separate instrument in writing."

It appears that under the provisions of the statute supra, the lienholders had a right to assign their lien to plaintiff, and he had a right to bring this suit. The bond provided that it was made for the use and benefit of all persons who might become entitled to liens under said contract according to the provisions of law governing the same, and might be sued upon by them as if made directly to them.

In other words, the plaintiff, who was the assignee of the original lienholders, had two remedies: (1) By foreclosing his liens which were fixed upon the property, and have the same sold; or (2) to resort to the bond to compel the payment of their liens. This latter course was the one pursued. The question as to liability of the bondsmen to the lienholders for the amount due them seems to be very plain from the very terms of the bond hereinbefore set out, and also that it was intended that the bond was to cover an attorney's fee. The parties to the bond had the conceded right to make their contracts in what form they pleased, provided they conformed to the law of the land, and besides, it is eminently just that a creditor who has incurred an expense in the collection of his debt should be reimbursed by the debtor by whom the action was made necessary and the expense entailed. Our courts have upheld the validity of a stipulation in a contract to pay attorney's fee; that is, they have held that a note containing the provision for the payment of attorney's fee is both valid and negotiable. Defendants in their brief contend that the provision for the attorney's fee is unconstitutional, but the cases cited to support their contention are cases wherein the statute undertook to tax the losing party with an attorney's fee. In the present case the parties were not attempting to proceed against the property upon which their lien had been fixed in order to collect the amount due them, but were resorting to the terms of the contractor's bond, and in this bond it specifically provided that the defendants would pay an attorney's fee.

There seems to be no more reason why that kind of a contract could not provide for an attorney's fee than there is that a promissory note could not stipulate for the same obligation. This is not a matter of

the enforcing a statutory provision for the payment of an attorney's fee, but is a matter of enforcing a contract providing for the payment of an attorney's fee.

In case of United States Fidelity & Guaranty Co. v. American Blower Co., 41 Ind. App. 620, 84 N. E. 555, the syllabus is as follows:

"A materialman suing on a bond conditioned on the contractor performing his contract and paying laborers and materialmen and stipulating that all payments contracted to be made shall be made with attorney's fees is entitled to recover reasonable attorney's fees."

In the body of the opinion the court uses the following language:

"Where such a bond has been required by statute, the courts have recognized and given effect to its dual nature, and the right of a materialman to recover against the surety on a building contract is separate and independent of any right of action vesting in the obligee of such contract. Therefore alterations in the contract which of themselves might release the surety as to the obligee will not affect the right of the materialman to proceed upon the bond. Statutes requiring such bonds are for the purpose of providing security for laborers and materialmen and to give them protection upon which they may rely. Dewey v. State ex rel., 91 Ind. 173, 185; Conn v. State ex rel., 125 Ind. 514, 25 N. E. 443; U. S. ex rel. v. Nat. Surety Co., 92 Fed. 549, 34 C. C. A. 526; U. S. Fid. & Guar. Co. v. Omaha Bldg. & Const. Co., 116 Fed. 145, 53 C. C. A. 465.

"There is every reason for applying the same rule in the present case. The bond was not required by a statute, but in expressly provided for security to materialmen. The contract was for the installing of a heating plant in a public school building upon which there should be no right to a mechanic's materialman's lien. Jeffries v. Myers, 9 Ind. App. 563, 37 N. E. 301; Townsend v. Cleveland Co., 18 Ind. App. 568, 47 N. E. 707; Fatout v. Board, 102 Ind. 223, 1 N. E. 389."

Defendants in their brief contend that the evidence did not show that the assignee had agreed to pay or had paid an attorney's fee, but in the trial of the case below this contention was not urged. It appears from the record that it was conceded that plaintiff was liable for an attorney's fee, and the only question that seems to have been passed upon by the court or contested in the trial below was whether or not the assignee of these lienholders could collect the attorney's fee provided in said bond.

There was evidence tending to show what a reasonable attorney's fee under the circumstances would be, and it was not contended below by the defendants that an attorney's fee had not been paid or agreed to be paid, but seems to have been conceded that plaintiff was liable for an attorney's fee, and the only question that was contested and passed upon was the right of plaintiff to collect the same under the terms of the bond. We are of the opinion that the court was wrong in holding that the assignee of the lienholders was not entitled to an attorney's fee as provided by the contract, it being conceded that the bond was liable for the debt of plaintiff.

On account of the error of the court in holding that the assignee of the lienholder could not collect an attorney's fee, we are of the opinion that this cause should be reversed.

By the Court: It is so ordered.