REPP AND MUNDT, INC., AN INDIANA CORPORATION;
STATE TEACHERS COLLEGE BOARD; AND
BALL STATE UNIVERSITY BOARD OF TRUSTEES *v.*
HITZELBERGER SUPPLY CO., INC., AN INDIANA CORPORATION.

[No. 2-1075A264. Filed September 2, 1976. Rehearing denied September 30, 1976. Transfer denied December 13, 1976.]

*Thompson & Jones,* of Columbus, *DeFur, Voran, Handley, Radcliff & Reed,* of Muncie, for appellants.

*John D. Raikos, Raikos, Martenet, Deal & Raikos,* of Indianapolis, *Ralph E. Dennis, Jr., Dennis, Cross, Raisor, Jordan & Marshall,* of Muncie, for appellee.

LYBROOK, J.—Defendants-appellants, Repp and Mundt, Inc., an Indiana Corporation; State Teachers Board and Ball State University Board of Trustees, appeal from the trial court's granting of a Motion for Summary Judgment.[2] Plaintiff-appellee, Hitzelberger Supply Co., Inc., an Indiana Corporation, initiated this action to foreclose a mechanic's lien and for an amount stated and for damages. Defendants raise eight issues for our consideration which generally allege that the trial court erred in granting plaintiff's motion for summary judgment.

The facts most relevant to these issues reveal that on November 23, 1970, Repp and Mundt entered into a construction contract with Ball State University for the construction of apartment buildings on the college campus. On September 2, 1971, Hitzelberger Supply Co., Inc., a supplier of materials, filed a Notice of Intent to Hold a Mechanic's lien on the property for the amount of $42,186.96. On November 12, 1971, Hitzelberger filed a complaint to foreclose the mechanic's lien. From a granting of summary judgment in favor of Hitzelberger, defendants appeal.

The only issue requiring consideration is whether a mechanic's lien can attach to a public building under Indiana law. If not, the granting of the summary judgment must necessarily be reversed.

Defendants illustrate through a list of cases that historically mechanic's liens could not be acquired or enforced upon or against public property held for public use because public

---

2. Indiana Rules of Procedure, Trial Rule 56.

policy and public necessity alike forbid the acquisition or enforcement of such a lien. *See: Board of County Commissioners of Parke County* v. *O'Conner* (1882), 86 Ind. 531; *Fatout* v. *The Board of School Commissioners of the City of Indianapolis, et al.* (1885), 102 Ind. 223, 1 N.E. 389; *Townsend, et al.* v. *Cleveland Fireproofing Co., et al.* (1897), 18 Ind. App. 568, 47 N.E. 707; *Jeffries* v. *Myers* (1899), 9 Ind. App. 563, 37 N.E. 301.

Plaintiff contends that although "generally speaking" it is a correct statement of the law that mechanic's liens cannot attach to public buildings, under the facts of this case, this rule is inapplicable. The plaintiff argues that *Perkins* v. *State of Indiana* (1969), 252 Ind. 549, 251 N.E.2d 30, a decision rejecting sovereign immunity for the negligent acts of the sovereign while performing proprietary acts where someone has been tortiously injured, should be utilized to determine that mechanic's liens can attach to public buildings. Plaintiff categorically assumes that the basis of the precedent that mechanic's liens cannot attach to public buildings is sovereign immunity.

We do not agree.

A search of the authorities fails to reveal sovereign immunity discussed as the basis for this rule. Public policy and public necessity were cited as the reasons for not permitting mechanic's liens to attach to public buildings. We believe that it is clearly a misconception to assume sovereign immunity is the basis for this rule. Immunity, according to Prosser,[3] avoids liability in tort under all circumstances, as if one is given an absolution from liability.

In the case at bar, recovery is not unavailable as it would be if this rule was based on sovereign immunity. Recovery is available to the plaintiff if he is in fact entitled to it. Public policy and public necessity deem, however, that it is improper to attach a mechanic's lien to public buildings.

---

3.   W. Prosser, *Law of Torts*, p. 970 (4th Ed., 1971).

"The rule seems to be firmly settled, that where one furnishes material or performs labor for a contractor charged with the erection of a public building or other public work, where there is no statute and no contract to affect the status of the parties, the simple relation of debtor and creditor exists between the material man, laborer and contractor, and the former can resort only to the remedies common to such creditors for the collection of their debts." *Townsend et al. v. The Cleveland Fire Proofing Company et al., supra. See also: Riggin v. Hilliard* (1892), 56 Ark. 451, 20 S.W. 402.

Obviously plaintiff should proceed with remedies common to the creditor-debtor relationship.

While the rule is indeed aged, plaintiff has demonstrated no reason why it should not retain its vitality. The summary judgment is therefore reversed.

Reversed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 353 N.E.2d 547.